# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

NICOLE E. CHILDRESS,
          Appellant,

       v.

DEPARTMENT OF THE TREASURY,
          Agency.

DOCKET NUMBER
CH-0752-14-0190-B-1

DATE: March 27, 2023

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Nicole E. Childress</u>, Saint Louis, Missouri, pro se.

<u>Diana R. Stallard</u>, Esquire, Dallas, Texas, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member[2]

### FINAL ORDER

¶1       The appellant has filed a petition for review of the remand initial decision, which sustained her removal. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

[2] Member Leavitt's name is included in decisions on which the three-member Board completed the voting process prior to his March 1, 2023 departure.

of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED by this Final Order to find that the removal penalty is reasonable, we AFFIRM the remand initial decision.

## BACKGROUND

The initial appeal

¶2    The agency removed the appellant from the GS–8 seasonal Contact Representative[3] position with the Internal Revenue Service (IRS) based on the charge of receiving Government funds to which she was not entitled. *Childress v. Department of the Treasury*, MSPB Docket No. CH-0752-14-0190-I-1, Final Order, ¶ 2 (Apr. 19, 2016). The agency specified that, during 6 separate weeks in 2009, 2010, and 2011, the appellant received unemployment benefits to which she was not entitled because of her earnings from the IRS. *Id*. The appellant appealed the agency's action and, during the course of proceedings below, had alleged a number of affirmative defenses. *Id*.

---

[3] At various points throughout litigation, the appellant's position was erroneously referred to as a "Contract Specialist." *See* note 4, *infra*.

¶3    The administrative judge found that the agency proved the charged misconduct, that the appellant raised a single affirmative defense—that of harmful procedural error based on the agency's alleged violation of the Internal Revenue Manual (IRM)—and that the appellant failed to prove her claim.  *Id*., ¶¶ 3, 6-7.  The administrative judge also found that, contrary to the appellant's assertions, the notice of proposed removal complied with the IRM, the agency established nexus between the proven misconduct and the efficiency of the service, and the removal penalty was within the bounds of reasonableness.  *Id*.

¶4    In her petition for review, the appellant contended that the administrative judge erred in her findings regarding nexus and penalty.  The Board found that the administrative judge should have provided notice to the appellant of the relevant burdens and elements of proof for all of her affirmative defenses raised below.  *Id*., ¶ 8.  The Board vacated the administrative judge's findings regarding nexus and penalty but did not disturb her finding that the agency proved the charged misconduct.  The Board remanded the case to allow development of the record on the appellant's discrimination, harmful procedural error, "not in accordance with law," and due process claims.  *Id*.

The remand appeal

¶5    On remand, the appellant alleged only that the agency's action was not in accordance with law in violation of 5 U.S.C. § 7513.  *Childress v. Department of the Treasury*, MSPB Docket No. CH-0752-14-0190-B-1, Appeal File (B-1 AF), Tab 27, Remand Initial Decision (RID) at 4.  She withdrew all of her other affirmative defenses.[4]  *Id*.

---

[4] Initially on remand, the appellant alleged as affirmative defenses only violations of 5 U.S.C. § 2302(b)(10) and 5 U.S.C. § 7513 "(A)" [sic].  B-1 AF, Tab 11 at 4, Tab 13 at 5.  During the hearing, the appellant withdrew her affirmative defense that the agency violated section 2302(b)(10).  B-1 AF, Tab 26, Hearing Transcript at 4 (testimony of the appellant).

¶6	The administrative judge found that, in cases of off-duty misconduct such as the appellant's, the agency meets its burden under 5 U.S.C. § 7513 by establishing nexus between its grounds for an adverse personnel action and either the employee's ability to accomplish his or her duties satisfactorily or some other legitimate Government interest promoting the efficiency of the service.  RID at 6. She found that the agency established nexus here by showing through the testimony of the deciding official that the appellant's conduct adversely affected management's trust and confidence in her job performance and interfered with the agency's mission of administering the nation's tax system.  RID at 6-7.  She found that the appellant's personal integrity in honestly and accurately reporting information to Governmental entities directly impacts the agency's mission.  RID at 7-8.  In the remand initial decision, the administrative judge did not address whether the penalty was reasonable.

¶7	In her current petition for review, the appellant argues that the agency failed to show nexus between her misconduct and the efficiency of the service. *Childress v. Department of the Treasury*, MSPB Docket No. CH-0752-14-0190-B-1, Petition for Review (PFR) File, Tab 1.  She contends that the deciding official provided no evidence that the agency had lost trust in her or that her misconduct adversely affected the agency's mission.  *Id*. at 8-9.  Rather, the appellant asserts that the evidence is to the contrary.  *Id*. at 6-9.  For example, she states that after her proposed removal, she was selected for a Contact Representative Classroom Instructor position,[5] showing that the agency had not lost trust and confidence in her.  *Id*. at 7.  She also argues that the fact that she

---

[5] The appellant notes that the administrative judge improperly stated that the appellant was a Contact Representative with the Errors Resolution Department.  PFR File, Tab 1 at 7.  The appellant states that she was a Contact Representative with the Kansas City Accounts Management Department stationed in St. Louis, Missouri.  *Id*.  To the extent that the administrative judge's misstatement constituted error, it was harmless and did not affect the appellant's substantive rights.  *Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984).

continued to work her normal duties and received exceptional performance ratings after the agency learned of her misconduct shows that the agency had not lost trust in her and that her misconduct did not interfere with the agency's mission.[6] *Id*. at 7-9. She asserts that she had no face-to-face interaction with the taxpaying public and was not a public figure designated to speak on behalf of the agency. *Id*. at 7.

¶8     The appellant also reiterates her assertion that she was subjected to a disparate penalty. PFR File, Tab 1 at 10-11. She contends that one of the employees to whom she compared herself received a 30-day suspension for essentially the same misconduct as hers. Additionally, she asserts that the penalty was not within the bounds of reasonableness. *Id*., at 11. She asserts that the deciding official admitted to not considering relevant *Douglas* factors.[7] *Id*. She contends that she is a candidate for rehabilitation because she took responsibility for her misconduct, showed that she had repaid the wrongly received unemployment payments, and had an excellent work record. *Id*.

---

[6] The appellant cites *Hovanec v. Department of the Interior*, 67 M.S.P.R. 340 (1995) in support of her assertion that her supervisors had not lost trust in her and that her misconduct did not affect the agency's mission. PFR File, Tab 1 at 7. She argues that an agency cannot claim loss of trust when it promotes an employee while aware of her off-duty misconduct. *Id*. *Hovanec* is distinguishable from the appellant's case, however. Importantly, the appellant was not promoted, but was given a collateral duty. IAF, Tab 27, Exhibit C. Further, the appellant in *Hovanec* did not receive personal gain from his misconduct and the Board noted that there appeared to be some question regarding his mental state at the time of his misconduct. *Hovanec*, 67 M.S.P.R. at 347. Here, the appellant's misconduct did result in personal gain and there is no issue of her mental state at the time of her misconduct.

[7] In *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981) the Board articulated a nonexhaustive list of 12 factors that are relevant in assessing the penalty to be imposed for an act of misconduct.

## DISCUSSION OF ARGUMENTS ON REVIEW

The agency met its burden to establish nexus.

¶9        Removals appealable to the Board under 5 U.S.C. §§ 7512, 7513(d), and 7701, may be taken only for such cause as will promote the efficiency of the service. 5 U.S.C. § 7513(a); *see Scheffler v. Department of the Army*, 117 M.S.P.R. 499, ¶ 9 (2012), *aff'd*, 522 F. App'x 913 (Fed. Cir. 2013). An action promotes the efficiency of the service only if there is a nexus between the proven misconduct and the efficiency of the service. *Id.* The nexus requirement means there must be a clear and direct relationship between the articulated grounds for an adverse action and either the employee's ability to accomplish his or her duties satisfactorily or some other legitimate Government interest. *Id.* (citing *Merritt v. Department of Justice*, 6 M.S.P.R. 585, 596 (1981), *modified by Kruger v. Department of Justice*, 32 M.S.P.R. 71, 75 n.2 (1987)). An agency may show a nexus between off-duty misconduct and the efficiency of the service by three means: (1) a rebuttable presumption in certain egregious circumstances; (2) preponderant evidence that the misconduct adversely affects the appellant's or co-workers' job performance or the agency's trust and confidence in the appellant's job performance; or (3) preponderant evidence that the misconduct interfered with or adversely affected the agency's mission. *Scheffler*, 117 M.S.P.R. 499, ¶ 10; *Kruger*, 32 M.S.P.R. at 74.

¶10        Thus, a removal action taken against an employee such as the appellant will be sustained only if the agency can prove by preponderant evidence that it promotes the efficiency of the service. An action that does not promote the efficiency of the service is not in accordance with law and must be reversed. *See generally Stephen v. Department of the Air Force*, 47 M.S.P.R. 672, 684 (1991).

¶11        As the administrative judge found, the deciding official testified that management had lost trust in the appellant's integrity to effectively fulfill the agency's mission. RID at 4, 7. Thus, the agency established that the appellant's conduct affected management's trust and confidence in her job performance.

Additionally, the agency established that the appellant's misconduct adversely affected the agency's mission. Given the agency's mission of assuring that taxpayers comply with their obligations, it is relevant that employees who advise the public about legal requirements make sound decisions that are based on policies, directives, and law. *Royster v. Department of Justice*, 58 M.S.P.R. 495, 500 (1993) (stating that an agency is not required to demonstrate a specific impact on the appellant's job performance or the efficiency of the service when the employee's off-duty misconduct is antithetical to the agency's mission); *Kruger*, 32 M.S.P.R. at 75–76 (same). We find that, under the circumstances of this case, the appellant's poor decisions regarding the policies, directives, and law around collecting unemployment benefits made the agency lose trust in her integrity and abilities and adversely affected the agency's mission.

¶12    The appellant proffered uncontested evidence of her successful job performance, which is a factor in her favor. Further, there is no showing that the appellant's misconduct was publicized or a matter of notoriety. Notwithstanding the relevancy of these facts, though, we find that they do not rebut the inference that arises "from the relationship between the misconduct and the agency's mission." *Kruger*, 32 M.S.P.R. at 75. The appellant's good performance is outweighed by the agency's need for a trustworthy employee. Therefore, we find that there is a nexus between the sustained misconduct and the efficiency of the service warranting disciplinary action. Because the appellant did not show that the agency's action violated 5 U.S.C. § 7513, she failed to show that it was not in accordance with law.

The agency showed that the removal penalty was within the bounds of reasonableness for the sustained misconduct.

¶13    As noted, the administrative judge did not address the reasonableness of the penalty on remand. Because the Board vacated the initial decision's findings regarding the penalty when it remanded the appeal, we here make specific findings on the reasonableness of the penalty.

¶14     When the agency's charge is sustained, the Board reviews the penalty only to determine whether the agency considered all the relevant factors and exercised management discretion within the tolerable limits of reasonableness. *See Ellis v. Department of Defense,* 114 M.S.P.R. 407, ¶ 11 (2010). The Board must give due deference to the agency's primary discretion in maintaining employee discipline and efficiency. *Id.* The Board will mitigate a penalty only when the Board finds that the agency did not weigh the relevant factors or that the penalty clearly exceeds the bounds of reasonableness. *Id.*

¶15     In analyzing a penalty, the nature and seriousness of the appellant's offense is the most significant factor. *Edwards v. U.S. Postal Service,* 116 M.S.P.R. 173, ¶ 14 (2010); *Martin v. Department of Transportation,* 103 M.S.P.R. 153, ¶ 13 (2006), *aff'd,* 224 F. App'x 974 (Fed. Cir. 2007) (Table). In the instant case, the charge of claiming and receiving Government benefits to which an employee clearly is not entitled is a serious offense; an agency is entitled to expect honesty and truthfulness from its employees in every aspect of their employment. *Shane v. Department of the Army*, 64 M.S.P.R. 269, 272 (1994). Such improper actions by an employee reflect adversely on the employee's reliability, veracity, trustworthiness, and ethical conduct. *Dogar v. Department of Defense*, 95 M.S.P.R. 52, ¶ 19 (2003) (citing *Seas v. U.S. Postal Service*, 78 M.S.P.R. 569, 578 (1998)), *aff'd*, 128 F. App'x 156 (Fed. Cir. 2005) (Table); *Shane*, 64 M.S.P.R. at 272.

¶16     At the hearing, the deciding official gave a detailed, well-reasoned explanation of her decision to impose the penalty of removal, which showed that she carefully considered all of the relevant *Douglas* factors. I-1 HT (testimony of the deciding official). She testified that she found the appellant's actions of filing for unemployment compensation to be repeated, intentional, and for private gain. *Id*. at 22, 35, 37-40, 71-72 (testimony of the deciding official). She indicated that the appellant was on specific notice from the State of Missouri that she could claim unemployment compensation benefits only for weeks spent in a

nonpay status. *Id*. at 35 (testimony of the deciding official). She also clarified that she did not consider the appellant's actions to constitute a crime or theft, despite the state's recommendation for Federal prosecution, but she still deemed the misconduct serious. *Id*. at 85-86, 88 (testimony of the deciding official).

¶17    The deciding official also testified that the appellant interacted with the public on a daily basis on behalf of the agency and therefore must be trustworthy given the nature of her work. Her duties involved interpreting a complex subject matter and an ability to convey those interpretations to the taxpayer. Her actions of improperly claiming Government benefits resulted in a loss of management's trust in her. *Id. at* 30-31, 48, 56-57 (testimony of the deciding official). The fact that the appellant's interactions with the public were not in-person is immaterial. The appellant regularly interacted with taxpayers and thus was metaphorically the face of the agency.

¶18    In challenging the agency's penalty determination, the appellant raised a claim of disparate penalties. The Federal Circuit has held that when an employee raises an allegation that she received more severe discipline than another employee, the proper inquiry is whether the agency *knowingly* treated employees differently "in a way not justified by the facts, and intentionally for reasons other than the efficiency of the service." *Facer v. Department of the Air Force*, 836 F.2d 535, 539 (Fed. Cir. 1988). As part of the oral reply to the proposed removal, the appellant's union representative offered "comparator" cases involving employees who engaged in misconduct similar to that with which the appellant was charged. IAF, Tab 5, Subtab 4d, at 18-20. In her prehearing submission, the appellant offered nearly 200 pages of documents regarding comparator employees. IAF, Tab 27. However, at the hearing, the appellant questioned the deciding official about only one comparator employee. IAF, Tab 32, Hearing Transcript (I-1 HT) at 78-85 (testimony of the deciding official). This comparator's misconduct involved improper receipt of Government funds, specifically food stamps and cash from the Kansas City Department for Children

and Family. *Id.* The comparator also incorrectly reported her income from the IRS and another employer. As a penalty, the comparator employee received a 30-day suspension. This comparator employee's disciplinary action, however, was not decided by the same deciding official in the appellant's case, and so the totality of the facts in that case was not readily known by her. Consequently, we find that the difference in treatment was not done knowingly and intentionally. Also, the deciding official did opine that if the comparator employee's case had been proposed to her for decision, she would have sustained the removal as warranted. *Id*. at 84.

¶19    Further countering the appellant's assertion of disparate treatment, the agency offered uncontroverted evidence that the Kansas City IRS campus, over which the deciding official and another manager presided as directors, proposed a total of 30 removals from January 2013 through September 2014 for the offense of receiving Government benefits to which the employees were not entitled. IAF, Tab 26 at 59-60. All of those cases eventually resulted in either a removal or a resignation, save for the one case the appellant highlighted at the hearing. However, that case did not involve unemployment compensation, or the same deciding official, while the instant case and the 29 other cases identified by the agency did involve charges of obtaining unemployment compensation when not entitled and did result in either removals or resignations in lieu of removals. Thus, we find that the administrative judge correctly determined that the appellant did not establish that she was subjected to a disparate penalty.

¶20    The deciding official considered as mitigating factors the appellant's successful performance appraisals and lack of prior discipline. I-1 HT at 18 (testimony of the deciding official). However, she found the appellant not to be a good candidate for rehabilitation with a lesser penalty, and in fact felt the appellant's work history and performance could be viewed in both an aggravating and mitigating light. *Id*. (testimony of the deciding official). The deciding official believed that the remorse the appellant expressed for her actions was

minimal and that she did not provide an explanation for her misconduct. *Id*. at 38 (testimony of the deciding official). The deciding official testified that, while the agency's penalty guide provided for a penalty ranging from a 14-day suspension to a removal for a first offense of the charged misconduct, removal was appropriate here, given the intentional and repetitive nature of the appellant's actions, as well the need for the agency to remain consistent in cases involving this type of misconduct when warranted. *Id*. at 39-41 (testimony of the deciding official).

¶21     The Board has long recognized that dishonest activity by a Federal employee raises serious doubts regarding the employee's reliability, trustworthiness, and continued fitness for employment. *Scheffler*, 117 M.S.P.R. 499, ¶ 16; *Whelan v. U.S. Postal Service*, 103 M.S.P.R. 474, ¶ 13 (2006), *aff'd*, 231 F. App'x 965 (Fed. Cir. 2007) (Table); *Kirkpatrick v. U.S. Postal Service*, 74 M.S.P.R. 583, 591 (1997). Therefore, we find that the agency established that the penalty of removal is within the bounds of reasonableness for the sustained misconduct.

## NOTICE OF APPEAL RIGHTS[8]

The remand initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how

---

[8] Since the issuance of the initial decision in this matter, the Board has updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[9]  The court of appeals must <u>receive</u> your petition for

---

[9] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.

review within **60 days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:          /s/ for

         Jennifer Everling
         Acting Clerk of the Board

Washington, D.C.